Revised Statutes is established, as we have seen, by a variety of cases. It has happily been swept away, and with it the prevalence of the subtle and artificial reasoning which marked its birth, and the intense refinements which were resorted to in its defense, all yielding to the assaults made upon it resulting in its abolition in 1830 (1 R. S., 724, Revisers' notes; 5 Stat. at Large 302), with a view to give full effect, unembarrassed by it, to the more natural and reasonable doctrine, that the intent of the testator is the guiding and controlling rule of interpretation, in the perpetuation of which the law disregards the technical meaning of words and phrases when necessary. The same specious reasoning out of which it sprung is ingeniously employed by the counsel for the appellant to overcome its application here, an attempt promoted and distinguished more by prejudice against the rule than by anticipation of success in the battle against it. It is deemed unnecessary to follow the argument of the learned counsel, however, inasmuch as it appears, notwithstanding his claim to the contrary, that the clause of the testator's will is within the rule considered, and with reference to which it was undoubtedly framed, and by which it was expected and intended it would be governed.

For these reasons, without any more extended discussion, which, however interesting, could lead to no different result, the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred in result.

Judgment affirmed, with costs.

---

WALTER REID, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENTS.

*Estoppel* — *assessment in a public office, of a water rate* — *the property purchased and paid for with reference thereto* — *right of the city thereafter to increase the amount* — 1882, *chap.* 410, *sec.* 350.

A party contemplating the purchase of real estate in the city of New York caused a search to be made, in the office of the department of public works, for unpaid water rents affecting the premises in question, which showed unpaid water rents thereon to the amount of twenty-one dollars. After this examination he pur-

chased the property, being allowed such twenty-one dollars from the purchase-price. He subsequently offered to pay this twenty-one dollars, when he was. informed that it was not a correct charge upon the property, it having been estimated upon buildings formerly standing thereon which had been subsequently torn down and a new building constructed, the amount of tax upon which was $105.

The statute (section 350 of chapter 410 of the Laws of 1882) required the commissioner of public works to establish scales of rents for supplying water, and also authorized him to modify, alter and increase such scales.

*Held,* that the city was not estopped from claiming the increased sum by reason of the error in the first determination of the water rate and by the subsequent. action of the purchaser.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of New York on the 8th day of March, 1889,. after a trial at a Special Term held in the county of New York, at which the plaintiff's complaint was dismissed upon the merits,. with costs.

*W. F. MacRae,* for the appellant.

*E. H. Hawke, Jr.,* for the respondents.

BRADY, J.:

The appellant made a contract on the 17th of April, 1888, for the purchase of certain property, known as 321 and 323 East. One Hundred and Fourteenth street, in the city of New York. Prior to taking the title he caused a search to be made in the office of the department of public works for unpaid water rents. affecting the premises, which was done down to and including the 15th of May, 1888, upon which day the title was closed. The search revealed a charge of twenty-one dollars for unpaid water rents, commencing on the 1st of May, 1888. The sum. mentioned was allowed by his grantor, and on the Monday following, and, therefore, subsequent to the closing of the title, twenty-one dollars was tendered to the department of public works and declined on the ground that it was not a correct charge for the use of the Croton water ; and the reason for not accepting it, was upon the trial made apparent, and it was that that sum was charged upon buildings formerly standing upon the property, but which, subsequent. to the 1st of May, 1887, were torn down to permit the erection of two other buildings containing tenements for sixteen families, with

the necessary water-closets in each building, and the amount was, therefore, increased by proper measurements to the sum of $105, which was duly charged upon the books of the department. The question presented was whether the charge of twenty-one dollars could be increased in the manner stated, and if yea, whether the defendants were estopped from enforcing it by the search to which reference has been made.

The learned justice in the court below, in an opinion which fully discusses the question, held that the city was not concluded in any way by the charge made, for the reason, amongst others, that the plaintiff had notice of the provisions of the consolidation act (chap. 410 of 1882, § 350) which declared that, although the commissioner of public works was required to establish scales of rents for supplying water, he might modify, alter and increase such scales from time to time. The opinion referred to is adopted as a correct exposition of the law by which the questions upon this appeal are to be governed and disposed of.

It may be added, however, with seeming propriety, that the facts herein established illustrate conclusively the justice of the provision by which the charge may be altered and increased from time to time. The sum of twenty-one dollars was adopted as appropriate to an entirely different class of buildings, and before it was received the change took place of which the plaintiff complains, and which was made in accordance with the established rules of the department and applied generally throughout the city.

It must be said, therefore, that aside from the absolute power of change given to the commissioner, and which was essential to secure proper compensation for the use of the water, the plaintiff presents a case which has no equitable plea to sustain it. If the sum of twenty-one dollars only had been exacted, he would have been in the use of a quantity of Croton water for which he would have paid only one-fifth of the proper charge. The construction given to the statute in the court below is one which makes the statute effective to prevent such inequalities, and it should be sustained.

With regard to the cases cited by the learned counsel for the appellant, it is sufficient to say that the provisions of the statute controlling the subject under investigation, are such as to render them inapplicable. And it must be borne in mind, that the charge

for the use of water is governed by principles essentially different from those regulating and controlling the imposition of taxes.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.

---

JULIA FITZPATRICK, APPELLANT, v. MICHAEL SWEENY AND OTHERS, DEFENDANTS, BRYAN L. KENNELLY, PURCHASER, RESPONDENT.

*Marketable title — defect in description — street number will not prevail as against a measurement.*

Property purchased under a mortgage foreclosure was described as No. 247 West Sixteenth street, and as beginning 266 feet easterly from the north-easterly corner of West Sixteenth street and Eighth avenue, which was the same description contained in the deed to the mortgagor and in the mortgage. The conveyance to the grantor of the mortgagor described premises 226 feet, and not 266 feet, from the said corner.

*Held*, that the purchaser at the foreclosure sale was not bound to accept the title.

*Semble*, that if the statement in the description had been simply No. 247 West Sixteenth street, resort might be had to evidence *aliunde* the deed to show what was intended to be conveyed, but that such a rule did not apply where, as in this case, the description started from a point erroneously described.

APPEAL by the plaintiff from an order made at a Special Term, held in the county of New York, and entered in the office of the clerk of the county of New York on the 31st day of July, 1889, whereby it was ordered that Bryan L. Kennelly, the purchaser at the foreclosure sale had in the above-entitled action, under the direction of James E. Carpenter, referee, be discharged from any obligation to complete his purchase of the mortgaged premises.

*J. Hardy*, for the appellant.

*J. M. Bowers*, for the respondent.

BRADY, J. :

The piece of property sold under the foreclosure was described in a diagram as No. 247 West Sixteenth street, and as beginning