THEODORE H. SILKMAN, Appellant, *v.* THE BOARD OF WATER
   COMMISSIONERS OF THE CITY OF YONKERS, Respondent.

1. WATER RENTS NOT TAXES.  Rents charged by a public corporation
for water actually used by private consumers are not in any just sense
taxes so that persons against whom they are charged are entitled to notice
and an opportunity to be heard before they are established.

2. WATER RENTS DISTINGUISHED FROM TAXES — COVENANT TO PAY.
Where the owner of premises supplied with water under a statute pro-
viding that the expense of construction and maintenance of the works
shall be paid by water rents, if sufficient, and that any deficiency shall
be satisfied by a tax, applies to be furnished with water, subject to the
rules under which the rates charged him, governed by the quantity of
water consumed, had been established, his application is in effect an
express covenant on his part to pay the rates charged; and, under such
circumstances, rates so established and charged, based upon the quantity
of water consumed by the taker, are not in the nature of taxes, but are
water rents established for water actually supplied to and used by the
taker under an express contract to pay for it at the rates established.

3. WATER RATES VARYING WITH AMOUNT USED.  When, under a
statute conferring power to establish a scale of rents to be charged to
and paid by private consumers for the use of water in a municipality,
the question of consumption is one of the elements to be considered in
determining the rates, it is not unreasonable for the water authorities to
provide less rates when a large amount of water is used than where a
small quantity is consumed.

*Silkman* v. *Water Comrs.*, 71 Hun, 37, affirmed.

(Argued March 4, 1897; decided March 26, 1897.)

APPEAL from a judgment of the General Term of the
Supreme Court in the second judicial department, entered
August 3, 1893, which affirmed a judgment in favor of defend-
ant entered upon a decision of the court dismissing the com-
plaint upon the merits on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Theodore H. Silkman*, appellant, in person.  The water
rents authorized by the act of the legislature under which
defendant acted, and which were adopted and imposed by the

defendant, were taxes, and could not be established without giving those assessed a reasonable opportunity to be heard, and the rate must be uniform and justly apportioned. (*S. F. & M. Ins. Co.* v. *Vil. of Keeseville*, 148 N. Y. 46; Cooley on Taxation [1st ed.], 98; *Smith* v. *Nashville*, 88 Tenn. 464; *Allen* v. *Drew*, 44 Vt. 174; *Burden* v. *Stein*, 27 Ala. 104; *Wayland* v. *County Comrs.*, 4 Gray, 500; *Stafford* v. *Providence*, 10 R. I. 567; *Mayor, etc.*, v. *Bailey*, 2 Den. 433; *Young* v. *City of Boston*, 104 Mass. 95; *Remsen* v. *Wheeler*, 105 N. Y. 573; *Stuart* v. *Palmer*, 74 N. Y. 183.) The defendant, being a public corporation, supported by the issue of bonds of a municipality, using the public streets of the municipality, and having the right of eminent domain exercised in its behalf, is held to all the obligations, if not more, in reference to its dealings with the public, as apply to and control common carriers. (*Root* v. *L. I. R. R. Co.*, 114 N. Y. 300.) The illegal charges were paid by plaintiff under protest, and in no sense voluntarily, as shown by the exhibits in evidence, in order to save his property from being cut off from the supply of water and in order to comply with the requirements of the board of health of the city of Yonkers, and he is entitled to recover such payments as alleged in the complaint. (*Bruecher* v. *Village of Port Chester*, 101 N. Y. 240; *Bowns* v. *May*, 120 N. Y. 357.)

*Joseph F. Daly* for respondent. The amounts charged against plaintiff's property and mentioned in the complaint are rents for the amount of water actually used on the plaintiff's premises, and are in no sense a tax, assessment or lien upon his premises. (L. 1873, ch. 36, §§ 20, 22, 23, 28; *Freeland* v. *O'Neil*, 36 N. J. Eq. 199; 37 N. J. Eq. 574; *State* v. *Jersey City*, 14 Vroom, 135; *Prov. Inst.* v. *Mayor, etc.*, 113 U. S. 506; *Treadwell* v. *Van Schaick*, 30 Barb. 444; *Hill* v. *Thompson*, 18 J. & S. 165; *Reid* v. *Mayor, etc.*, 56 Hun, 156.) The rule made by the board of water commissioners is reasonable, and within the power given to it by its act of incorporation. (*Reid* v. *Mayor, etc.*, 56 Hun, 156.)

MARTIN, J.   The defendant is a corporation organized by and in pursuance of chapter 36 of the Laws of 1873.   The purpose of that act was to provide a supply of water to the city of Yonkers and its residents.   The act, after providing for the acquisition of the necessary lands and the construction of a plant for that purpose, authorized the board of water commissioners to establish a scale of rents to be charged to persons using the water, or to property where such water was used, to be apportioned to the different lots or parcels of land in front of or near which water pipes were laid, having reference to their dimensions, values, exposure to fire, ordinary or extraordinary uses, or consumption of water, as near as was practicable, and from time to time to modify, amend, increase. or diminish such rents.   The act also provided that, in case the water rents should prove insufficient to pay the current expenses of maintaining and supporting the water works and the interest on the bonded debt authorized by the act, the amount of the deficiency should be assessed and become a lien upon the real property in front of and near which the water pipes were laid within the district to be supplied by water, the boundaries of which were to be fixed by the common council in the manner prescribed, such assessments to be made and collected upon a separate assessment roll and by a separate warrant.

Thus, by the statute, the expenses of constructing and maintaining water works in the city and paying the interest upon the bonds issued for their construction, were to be paid by rents which were charged for the use of water, if sufficient for that purpose.   If insufficient, then a tax was to be levied to pay any deficiency that might exist.   In pursuance of the provisions of this act, the defendant established a scale of rents to be charged to persons using the water, which, so far as applicable to the question in this case, was governed by the quantity of water consumed, the rate being reduced in proportion to the increase of the quantity taken.

The plaintiff was the owner of premises, in the city of Yonkers, known as numbers 58 and 60 Hudson street, upon

which city water was used and charged to the plaintiff accord-
ing to the scale of rents established by the board.   When pre-
sented, the plaintiff objected to the amount of the bills for
water rents, and the defendant then threatened to cut off the
water supplied to his buildings unless the rents were paid,
whereupon the plaintiff paid them under protest.   This action
was brought to restrain the defendant from shutting off the
water, and to recover certain of the rents so paid upon the
ground that they were illegal.

The first contention of the plaintiff is that the water rents
authorized by this act and imposed by the defendant were
taxes, and could not be established without giving the indi-
vidual against whom they were charged a reasonable notice
and opportunity to be heard as to their propriety and equality.

Hence, the first and, practically, the only important question
is, whether the water rents established by the defendant under
the provisions of this act were so far in the nature of taxes as
to entitle the parties liable therefor to a notice and an oppor-
tunity to be heard before they were established.   It is, per-
haps, true that the legislature might have authorized the
payment of the cost and expenses of constructing and main-
taining the water works by taxation alone, when the plaintiff
would have been entitled to the notice and hearing contended
for.   But, in this case, instead of doing that, it provided for
the payment of a great portion of such expenses from a fund
to be obtained by charging water rents to the persons by whom
the water was used.

That there is a clear distinction between rents paid for
water actually furnished by a corporation and used by an
individual, and the payment of a sum in the nature of a tax
for an anticipated benefit arising from the presence of water
in the city, we have no doubt.   Where an assessment for water
is made upon a vacant lot, no use being made of the water by
the person assessed, it may be that a sum thus assessed for a
supposed benefit arising from the presence or public use of
the water as distinguished from its private use by the individ-
ual, is in the nature of a tax, and that in such cases notice and

an opportunity to be heard are essential to the validity of the tax. (*Remsen* v. *Wheeler*, 105 N. Y. 573; *Matter of Trustees of Union College*, 129 N. Y. 308.) If so, that principle has no application here.

While it is not denied that as to the portion of the expense of constructing and maintaining the water works by the defendant which was raised by taxation, the plaintiff was entitled to notice and an opportunity to be heard before any tax was levied upon his property, still, it cannot be properly said that rents which are charged for water actually used are, in any just sense, taxes, so that persons against whom they are charged are entitled to notice and an opportunity to be heard before they are established. (*Treadwell* v. *Van Schaick*, 30 Barb. 444; *Hill* v. *Thompson*, 18 J. & S. 165; *Reid* v. *Mayor, etc.*, 56 Hun, 156; *Vreeland* v. *O'Neil*, 36 N. J. Eq. 399; S. C., 37 N. J. Eq. 574; *Provident Institution* v. *Jersey City*, 113 U. S. 506, 514.)

The authorities cited in effect hold that rents, which are charged for water actually used, are valid, although the rates are established without notice or opportunity to be heard by the person paying them. This is upon the ground of an implied contract between the parties, it being said that as the rates are known to persons applying for a supply of water, when the application is made, it is in effect an assent by the applicant to those terms, and constitutes a contract between the parties.

Moreover, in this case, in the application made by the plaintiff, he asked to be supplied with water under the rates and subject to the rules, regulations and ordinances of the board of water commissioners. It was by virtue of these rules that the rate charged had been established, and, hence, this application must be regarded as an express consent upon his part to pay the rates charged. We are of the opinion that, under these circumstances, the water rents charged the plaintiff were not in the nature of taxes, but were rents established for water actually used and supplied to him under an express contract that he would pay for it at the rates estab-

lished by the defendant, and, therefore, he is not entitled to either enjoin the defendant from collecting them, or to recover any portion of them paid under protest.

The claim of the plaintiff, that the rents established by the defendant were not authorized by the act incorporating it, cannot be sustained. In broad terms, the act conferred upon the defendant the power to establish a scale of rents to be charged and paid for the use and supply of water, having reference to matters referred to in the statute, among which was the consumption of water. The objection made here is that the persons who consumed large quantities of water were not charged as much per hundred cubic feet as those who consumed a less amount. Under this statute the question of consumption was one of the elements to be considered in determining the rates. Surely, it cannot be said to be unreasonable to provide less rates where a large amount of water is used than where a small quantity is consumed. That principle is usually present in all contracts or established rents of that character. It will be found in contracts and charges relating to electric lights, gas, private water companies, and the like, and is a business principle of general application. We find in the rates as they were established nothing unreasonable, or that would in any way justify a court in interfering with them.

It follows that the decisions of the courts below were correct, and should be affirmed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.