SWANBERG v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—COMPELLING PUTTING IN WATER METERS—STATUTORY PROVISIONS.

Greater New York Charter, Laws 1901, p. 210, c. 466, § 473, requires the board of aldermen to provide a uniform scale of rents and charges for water, based upon different classifications of buildings, use of water, etc., the rents to become a lien upon the premises fronting on the streets or highway on which the buildings are located; but it is specially provided that no charge shall be made against any building in which a water meter is placed, as provided by the act, but in such cases the charge for water shall be determined only by the quantity actually used as shown by the meters. Section 475 authorizes the commissioner of water supply, in his discretion, to cause water meters to be placed in all stores, etc., and in all places in which water is furnished for business consumption, etc. In an action to restrain the city and others from placing a water meter on plaintiff's premises, the first floor of which was used as a liquor store, it appeared that plaintiff had paid his water rent for the current year before notice to put in the meter was given. *Held*, that the city was not required to furnish water for the year at the rent paid, and, though plaintiff was not required to take water, he would be subject to rent, and that section 473 was not unconstitutional as taking property for private purposes without due process of law.

Appeal from Special Term.

Action by August Swanberg against the city of New York and others. From an order overruling a demurrer to the complaint, and a judgment for a temporary injunction, defendants appeal. Reversed, and demurrer sustained.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

James D. Bell (D. D. Whitney, Jr., on the brief), for appellants.
Edmund B. Barnum, for respondent.

WOODWARD, J. This action was brought to restrain the defendants from placing a water meter on the plaintiff's premises, No. 4123 Third avenue, Brooklyn. The plaintiff is the owner of the fee of the premises, and the first floor is used as a liquor store; the upper floors being used as a dwelling. In September, 1906, the defendants notified the plaintiff that he must put in a water meter for the entire premises at his own expense, failing to do which the city would put in the meter, charging the expense to him. The plaintiff failed or refused to put

in this meter, and, the city having threatened to put in the same, this action was brought and a temporary injunction was granted. The defendants demurred to the complaint, and from the interlocutory judgment the defendants appeal.

The learned court at Special Term did not indicate the grounds for its action, but upon appeal it is urged in behalf of the respondent that section 475 of the Greater New York charter (Laws 1901, p. 212, c. 466), which authorizes the placing of meters upon the premises of the plaintiff and others at the discretion of the commissioners of water supply, gas, and electricity, is unconstitutional and void, as authorizing the taking of property for private purposes without due process of law. We think the proposition is entirely untenable. While it is true that the city of New York, in delivering water to private individuals, acts in a sense as a private corporation, yet the duty and obligation of the municipality to afford fire protection and to safeguard the public health through a pure and wholesome supply of water makes the maintenance of the water system more of the nature of a duty owing by a public or municipal corporation; and to say that it is not within the province of the state Legislature, in authorizing the city of New York to construct and maintain a water plant, to provide for placing meters upon the premises of those who are to use the water, on the theory that this is a taking of the property of the individual without due process of law, is carrying constitutional limitations to the limit of absurdity. Section 473 of the charter provides that the board of aldermen shall provide a uniform scale of rents and charges for supplying water, based upon different classifications of buildings, the uses to which the water is to be put, etc., which such rents and charges are to become a lien upon the premises fronting upon the streets or highways upon which the buildings are located; but it is specially provided that:

"No charge whatever shall be made against any building in which a water meter may have been or shall be placed as provided in this act. In all such cases * * * the charge for water shall be determined only by the quantity of water actually used as shown by said meters."

It is obvious that any schedule of rates based upon classification of buildings, purposes for which the water is to be used, etc., would be open to abuse on the part of water users in many instances, and to obviate this, the charter in section 475 provides that:

The "commissioner of water supply is authorized, in his discretion, to cause water meters * * * to be placed in all stores, workshops, hotels, manufactories, office buildings, public edifices, at wharves, ferry houses, stables, and in all places in which water is furnished for business consumption," etc.

The plaintiff had paid his water rent for the current year when the notice was given; but this did not amount to an absolute contract to deliver the water for the year under that rate. The same statute which provided for the rate based on buildings, etc., provided that the commissioner in his discretion might make a change; and such a change was obviously proper in the case of the plaintiff. He was not obliged to take water, though he would be subject to rent, whether he did or not, under the provisions of section 473; but, if he did take water,

he took it subject to the conditions prescribed in the charter, and we know of no constitutional limitation on such a transaction. The case of Hill v. Thompson, 50 N. Y. Super. Ct. 165, 172, appears to have disposed of most of the objections suggested, and we are of opinion that the interlocutory judgment in this case should be reversed, and the demurrer should be sustained.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to plead over upon payment. All concur; JENKS, J., in result, on the authority of Hill v. Thompson, 50 N. Y. Super. Ct. 165, approved 152 N. Y. 331, and State ex rel. Hallauer v. Gosnell, 116 Wis. 606, 93 N. W. 542, 61 L. R. A. 33, and cases cited.