PEOPLE v. ALBION WATERWORKS CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

WATERS AND WATER COURSES (§ 203*)—PUBLIC SUPPLY—RATES—DISCRIMINATION.

In proceedings by the state to enjoin defendant water company from ceasing to deliver water to a public institution unless paid a certain rate, on the ground of unjust discrimination, it appeared that defendant was engaged in the business of furnishing water to the village of A., and it alleged that at its own expense, on request of public authorities, it laid a line from its main to said institution, situated in the town, but not in the village, of A., and that it was reasonably worth the sum sought to be charged to furnish water to the institution. Held that, while the rates charged in the village might be considered, the test was whether the rate sought to be charged was reasonable, and defendant was entitled to show facts tending to support its averments.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 290–299; Dec. Dig. § 203.*]

Appeal from Special Term, Orleans County.

Proceedings by the People against the Albion Waterworks Company. From a decree sustaining a demurrer to the answer, and from

final judgment (66 Misc. Rep. 651, 121 N. Y. Supp. 660), defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. Crawford Ramsdale, for appellant.
Edward H. Letchworth, Deputy Atty. Gen., for the People.

SPRING, J. The action is in equity by the people of the state for the purpose of obtaining a judgment perpetually enjoining the defendant from ceasing to deliver water to the Western House of Refuge for Women, at Albion, N. Y. The Western House of Refuge for Women is a state charitable institution, located in the town of Albion, but not within the village of that name. The defendant is a domestic corporation, organized for the purpose and engaged in the business of supplying water to the inhabitants of the village of Albion. The prices which had long been charged to the patrons of the defendant for water furnished were regulated according to the quantities taken, and for 5,000 to 10,000 gallons daily received by one taker such price was 15 cents per 1,000 gallons, and for 10,000 to 50,000 gallons 12 cents per 1,000 gallons. The defendant laid a line of pipe between 400 and 500 feet in length from its main line in the village of Albion to the institution named, and has supplied it with water since prior to January, 1900, exceeding at all times 5,000 gallons daily, and for which the defendant has been paid 20 cents per 1,000 gallons. The price charged was paid without protest or objection until shortly prior to the commencement of this action, in January, 1910. The quantity of water which has been received daily from the defendant for the use of said House of Refuge for Women for some time prior to the commencement of the action has exceeded 10,000 gallons. The defendant is willing to furnish all that may be required for the sum of 20 cents for 1,000 gallons, and the state is willing to pay 12 cents per 1,000 gallons, which is according to the schedule of rates for the inhabitants of the village.

The contention of the state and the basis of its cause of action are that in charging the House of Refuge a larger sum than is paid by other patrons of the defendant using a like quantity of water the defendant unjustly discriminates against the state. As the question is raised by demurrer to the answer, its determination must depend, on this appeal, wholly upon the pleadings. The defendant was organized in July, 1887, pursuant to chapter 737 of the Laws of 1873, and the various amending acts. It was created for the purpose of supplying to the village of Albion and its inhabitants water for domestic uses and for fire protection. Its pumping station is in the town of Albion, about one-half mile from the village boundary line; and from the station to the village the defendant's main is laid in a public highway of the town. All its other mains, except the line to the House of Refuge, are laid in the village of Albion, which is located in the towns of Albion and Gaines. The answer alleges that the water furnished to the House of Refuge "is reasonably and fairly worth the sum of 20 cents per thousand gallons, and

that said water cannot be so furnished by the defendant at 12 cents per thousand gallons without loss to the defendant." In support of this general averment are certain facts contained in the answer, aside from those already adverted to. It is alleged that the pipe or conduit from its main line to the House of Refuge was laid by the defendant at its own cost and "at the request of the public authorities" of said institution; also that the village of Albion pays annually to the defendant for fire protection $3,900, and that the rates charged to the inhabitants of that village are regulated entirely by contract.

We think, under its answer, the defendant may prove facts which will exonerate it from the charge of unreasonably discriminating against the plaintiff. There is no claim that the rates charged by the defendant must be unvaryingly uniform. The schedule of rates based upon the quantity of water furnished is not assailed. Charging for a small quantity more per gallon than for a much larger supply furnished is not of itself an unjust or illegal discrimination. Silkman v. Water Com'rs, 152 N. Y. 327, 332, 46 N. E. 612, 37 L. R. A. 827. The defendant may supply water to the public school buildings or to charitable institutions without charge, and not be properly subject to the accusation of undue preference to these institutions. If a manufacturing company, with its plant in the town of Albion or of Gaines, several miles distant from the defendant's water line, requests that it may be supplied with water, and the defendant at great expense complies with the request and lays the line, it might be unreasonable for the manufacturing company to insist that the tariff rates issued and applicable to the inhabitants of the village of Albion should control in fixing the rates to itself.

In construing a question of this kind, the test finally must be whether the price charged is reasonable. The prices paid by the other consumers may have an important bearing upon that proposition; but they are not invariably conclusive. Dissimilarity of situation, difference in the cost of furnishing the water, and other factors, may enter into the problem. Different conditions may justify the imposition of different rates. Farnham on Waters and Water Rights, § 162c; Am & Eng. Encyc. of Law (2d Ed.) vol. 30, p. 427. The question is, therefore, dependent upon the facts pertinent to the situation.

It is not important now to determine whether section 21 of the transportation corporations law is applicable. That question may never be reached in this case. The only proposition we determine is that the defendant, by the affirmaive allegations in its answer, in connection with the facts admitted, has raised issues of fact. Within the compass of its answer the defendant may satisfy the court that the rate charged the House of Refuge is reasonable, and hence not unjustly discriminatory. It is not wise to determine this important proposition upon the pleadings, as the answer contains denials, several of the admissions are only partial, and affirmative facts are alleged, which, if proved, may tend to show that the House of Refuge has not been unfairly treated.

The final judgment and interlocutory judgment should be reversed, with costs of this appeal to the appellant, and the demurrer to the answer overruled, with costs.

So ordered. All concur; McLENNAN, P. J., in result only, being of the opinion that the rates charged by the defendant to consumers of water in the village are entirely immaterial.