## AKRON (city) v CITIZENS SAVINGS & LOAN CO

Ohio Appeals, 9th Dist, Summit Co

No 2270. Decided Jan 4, 1934

Gillum H. Doolittle, Dir. of Law, Akron, and Charles D. Evans, Asst. Dir. of Law, Akron, for plaintiff in error.

Myers, Dinsmore & Whittemore, Akron, for defendant in error.

**OPINION**

By STEVENS, J.

Sec 3957, GC, provides that—

"Such director (of public service) may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management and protection of the water works. Such by-laws and regulations shall have the same validity as ordinances when not repugnant thereto or to the constitution or laws of the state."

Sec 3958, GC, provides that—

"For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water. When more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due, the director shall look directly to the owner of the property for so much of the water rent thereof as remains unpaid, which shall be collected in the same manner as other city taxes."

It will be observed that §3958, GC, supra, expressly provides the condition under which the service director of a city shall look to the owner of the property for unpaid water rent, and under which said water rent shall be collected as city taxes, and that condition is "when more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due."

The rules promulgated by the service director of the city of Akron on March 17, 1919, in pursuance of §3957, GC, provide, first, that the contract for water service shall be with the owner of the property; second, that the property to which water is supplied shall be held liable for all water rents, such rent becoming a lien on the property; and third, that water rents remaining unpaid 90 days after due shall be certified for collection with taxes.

No section of the statutes which we have been able to discover, either directly or by implication vests in the service director of a city the authority to impress property with a tax lien for unpaid water rent, nor does our reading of the pertinent statutes impel us to the conclusion that, under the statutes or the rules promulgated by the service director, water rent is a tax or assessment, entitled to priority over existing liens. (Silkman v Board of Water Commrs. of the City of Yonkers, 152 N. Y. 327). The statute merely provides that, under the condition above set forth, unpaid water rent "shall be collected in the same manner as other city taxes"; and, being silent with reference to the creation of a statutory lien, the rule laid down in the case of **Mahoning Park Co. v Warren Home Development Co., 109 Oh St 358**, syllabus 1, applies:

"1. The character, operation, and extent of a statutory lien must be ascertained from the statute creating and defining it. Such statute cannot be amended or extended by judicial construction to meet a situation not provided for nor contemplated thereby. The remedy is legislative."

It would seem, therefore, that statutory liens may not be created by implication,

but may arise and attach only where they are clearly created by statute or in pursuance of enabling statutory legislation.

The record in the instant case does not, in our judgment, present a situation under which the director of public service may properly look to the owner of the property for payment of delinquent water rent. It does not appear that more than one tenant or water taker is supplied with one hydrant or off the same pipe; neither is it shown that, under the rules promulgated by the service director, any contract between the city and the owner of the property for water service was ever entered into, nor does the record show facts from which such contract could be implied.

The failure of proof on these two points, in our opinion, would deprive the director of the right to look to the owner of the property for the unpaid water rent; it would then follow that the city could have no lien for unpaid water rent against the premises sought to be foreclosed, and, having no lien, the question of priority of liens need not be considered.

The judgment of the trial court, denying the city any right to a tax lien against the premises in question, will be affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.