## NORTHERN SAVINGS & LOAN CO v DEMARIO et

Ohio Appeals, 9th Dist, Lorain Co

No 721. Decided Jan 11, 1935

A. H. West, Elyria, for plaintiff in error, Howard R. Butler, City Solicitor, Elyria, for defendant in error City of Elyria.

### OPINION

By STEVENS, J.

Sec 3957, GC, provides that—

"Such director (of public service) may make such by-laws and regulations as he deems necessary for the safe, economical and efficient management and protection of the water works. Such by-laws and regulations shall have the same validity as ordinances when not repugnant thereto or to the constitution or laws of the state."

Sec 3958, GC, provides that—

"For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water. When more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due, the director shall look directly to the owner of the property for so much of the water rent thereof as remains unpaid, which shall be collected in the same manner as other city taxes."

As we understand the law, this latter section provides the conditions under which

the director shall look to the owner of the property for unpaid water rent—i.e., "when more than one tenant or water taker is supplied with one hydrant or off the same pipe, and when the assessments therefor are not paid when due."

**Akron v Citizens Sav. & Loan Co., 17 Abs 159.**

We are asked by counsel to determine two questions:

1. Was the unpaid water bill of the city of Elyria a lien upon the property described in plaintiff's petition?

2. If it was a lien, was it prior to plaintiff's mortgage lien?

The agreed statement of facts herein failing to disclose the statutory conditions necessary to enable the director of service to look to the owner of the premises for payment of the water bill in question, and the Supreme Court of Ohio having held, in **Hohly v State ex, 128 Oh St 257,** that water rent charges are not a lien on the premises served, we find ourselves unable to conclude that the city has any right to collect either from the owner of the premises or by way of tax or assessment lien against the property served.

Not having a tax or assessment lien against said premises for the claim in question, and not having shown the existence of the conditions entitling it to look to the owner of said premises for payment, it follows that said city was not entitled to any judgment herein; therefore the order declaring that said city had a lien upon said premises is reversed, and the trial court is directed to order distribution of the proceeds of the sale of said premises in accordance with this opinion.

WASHBURN, PJ, and FUNK, J, concur in judgment.