MICHAEL WEISKOPF, Appellant, *v.* THE CITY OF SARATOGA SPRINGS and Others, Respondents.

UNITED STATES HOTEL COMPANY, Intervenor.

Third Department, May 8, 1935.

*William E. Bennett*, for the appellant.

*Richard J. Sherman* [*Theodore A. Knapp* of counsel], for the respondents.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the United States Hotel Company, intervenor.

HEFFERNAN, J. Appellant is the owner of the Lafayette Hotel, located in the respondent city, and the corespondents are, respectively, the city's commissioner of public works and the commissioner of finance. The city was incorporated by chapter 229 of the Laws of 1916.

The commissioner of public works is vested with the management, care and supervision of the city's water system and is empowered to establish water rates. His authority to do so is found in section 81 of the charter which provides: " Water rates. The commissioner of public works may establish rates, within a territory which he deems benefited by the water works, upon the properties therein, whether occupied or vacant; based upon the location, character, value or use thereof, or the use of water, or based upon meter rates, or upon two or more of said methods. The commissioner of public works shall cause a roll to be prepared with the properties

and rates, and publish a notice of hearing thereon, and the same shall be liens upon the respective properties from the time of the confirmation of the roll, to be collected and enforced by sale as in case of taxes.

"The said rates shall be deemed a service charge and not a tax."

The commissioner of finance is charged with the duty of collecting all taxes, assessments and water rates levied and assessed in and for the city.

The commissioner of public works promulgated and established the following water rates upon premises in the city for the years ending May 1, 1934, and May 1, 1935: A minimum rate of eight dollars per year payable in advance for each family or individual consumer, with an allowance of 6,000 cubic feet of water per year for each family for said eight dollars minimum charge, and for all water consumed over and in excess of said allowance a charge of one dollar per 1,000 cubic feet; a charge or rate of two dollars to five dollars per year for fire protection on buildings which are non-consumers of water from said water system and which are within 750 feet of a fire hydrant according to class of buildings; on vacant lots located upon streets in which water mains are laid, a charge of from one dollar to two dollars per year, according to the value of such lots; for consumers whose premises are not occupied during the entire year and which are metered, a fire rate as follows: On hotels and boarding houses one dollar per room per year. Appellant's property is located within 750 feet of two fire hydrants. It is a consumer of water from the water system, the water used therein being measured by a meter placed in the building by the city. The hotel, like many others in the city, is not occupied or used during the entire year, but is closed during the winter months.

On May 29, 1934, the commissioner of public works assessed against appellant's property the following water rates: A minimum charge of eight dollars; a charge of thirty-five dollars and ten cents for water used and consumed on the premises in excess of 6,000 cubic feet during the year ending May 1, 1934; and a charge of forty-five dollars as and for a fire tax, assessed at one dollar per room per year because the hotel building was not occupied during the entire year ending May 1, 1934.

After the publication of the notice of assessment appellant appeared before the commissioner of public works and protested against the item of forty-five dollars as a fire rate on various grounds, among others, that the imposition of the amount in question was illegal, arbitrary, discriminatory and void. Appellant's protest was overruled on the date of hearing, the assessment was confirmed and

the roll of water rates was delivered on the same day to the commissioner of finance for collection. That official immediately undertook to enforce payment.

It is conceded that appellant has paid all water rates assessed against his property except the disputed item of forty-five dollars.

There has been assessed against the property of the intervenor, United States Hotel Company, occupying the same status as appellant, a fire rate charge for the years 1933 and 1934 in the amount of $600 each.

Appellant instituted this action to have the fire rate declared null and void and the assessment therefor vacated and collection thereof enjoined.

Our examination of the charter of the city discloses that it contains no provision for a review of the assessment in question. The fire rate is expressly declared by section 81 of the charter to be " a service charge and not a tax." Even if it be assumed that appellant had a remedy by certiorari he was given no opportunity to invoke it because the assessment was confirmed and the roll delivered for collection on the same day he was accorded a hearing.

Whether any other remedy is available to appellant is of no importance because even if this assessment is illegal it, nevertheless, constitutes a cloud upon appellant's title and consequently an action in equity to vacate it is maintainable. (*Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87.)

Respondents interposed separate answers in identical language, containing certain denials, denials upon information and belief and two distinct defenses. Without discussing these answers in detail it need only be said that the allegations which respondents deny either absolutely or on information and belief are the personal official acts of one or the other of the commissioners and matters of public record available to each of them. This form of denial has been condemned again and again as sham and frivolous and insufficient to raise any issue. (*Bogart* v. *City of New York*, 128 App. Div. 139; *Bloch* v. *Bloch*, 131 id. 859; *Allen* v. *National Surety Co.*, 144 id. 510; *Sutton* v. *Duntley*, 205 id. 660; *City of New York* v. *Matthews*, 180 N. Y. 41; *Dahlstrom* v. *Gemunder*, 198 id. 449; *Harley* v. *Plant*, 210 id. 405.)

The defenses asserted are that appellant has an adequate remedy at law and that he has failed to comply with the provisions of the city charter and the laws of the State. The defense that appellant has an adequate remedy at law is not sufficiently specific because such a defense must be supported by an appropriate statement of facts sustaining such an allegation. (*Holland* v. *Grote*, 193 N. Y. 262.) The second defense, the alleged failure of appellant to comply

with the provisions of the charter and the laws of the State, is likewise insufficient. It is significant that nowhere in the answers is reference made to any law of either city or State which appellant has failed to observe.

Appellant moved for judgment on the pleadings for the relief demanded in the complaint. The learned justice at Special Term denied the motion and dismissed the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The propriety of that ruling is challenged on this appeal.

The question presented is the validity of the " fire rate " assessed against appellant's property. Charges for the use of water as a general rule are governed by principles somewhat different from those regulating and controlling the imposition of taxes. The commissioner of public works is vested by the city charter with a wide discretion in classification as a basis for charges for water. The rates fixed by him upon properties within his jurisdiction may be based upon location, character, value or use of water, or upon meter rates, or upon one or more of such methods. Unquestionably he has power to discriminate, but such discrimination must have some conceivably rational basis and not be purely arbitrary. It is a universally accepted principle of taxation that taxes should be levied with equality and uniformity and in accordance with some reasonable system of apportionment, calculated to justly distribute the public burden. The basic principle of taxation is equality. A water tax cannot be unreasonably discriminatory (*People* v. *Albion Water Works Co.*, 140 App. Div. 646.) Speaking of rate-making generally, and giving charges for water varying with the quantity consumed as an example (*Silkman* v. *Water Commissioners*, 152 N. Y. 327), the Court of Appeals, speaking through Judge CARDOZO, in *City of Rochester* v. *Rochester Gas & Electric Corp.* (233 N. Y. 39), said: " Varying charges are not prohibited always and everywhere, but only varying charges for like services in substantially similar circumstances or conditions."

The authority conferred upon the commissioner of public works to establish rates must be exercised in such manner that the rates thus established shall be fair and equal to all. All property in the same situation must be treated alike. Unreasonable and arbitrary distinctions may not be made. (*Stuart* v. *Palmer*, 74 N. Y. 183; *People ex rel. Farrington* v. *Mensching*, 187 id. 8; *Matter of City of New York*, 190 id. 350; *People ex rel. Phillips* v. *Raynes*, 136 App. Div. 417; affd., 198 N. Y. 539.) As a water charge cannot be discriminatory, where it attempts to vary its uniformity by means of classification, there seems to be no impropriety in applying to such a charge the rule laid down in the tax cases. All these agree

that there must be uniformity *within the class.* (*People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431.) In that case the court said: "The power of taxation necessarily involves the right of selection, which is without limitation, provided all persons in the same situation are treated alike and the tax imposed equally upon all property of the class to which it belongs."

All buildings in Saratoga Springs are protected by the water system against fire. Yet under the rates established buildings that are non-consumers of water from the water system are charged for "fire protection" two dollars to five dollars per year, according to the class of buildings, if located within 750 feet of a fire hydrant; non-consumers outside that distance are not subject to charge; vacant lots are charged at the rate of one dollar to two dollars per year, according to value, irrespective of location. The only consumers that are assessed a "fire rate" are hotels and boarding houses that are metered and are not occupied during the entire year. Appellant's hotel is thus charged a much higher rate for fire protection than buildings that are non-consumers of water which are within the prescribed distance of a fire hydrant. Obviously both receive precisely the same fire protection. Obviously in both cases the rate should be the same. The classification under which the disputed charge is made against appellant's property is not of hotels and boarding houses but of "consumers whose premises are not occupied during the entire year and which are metered." This, of course, includes premises occupied as dwellings, business houses and other structures. There is no charge made against this class of consumers. In other words, only a portion of the class set apart for a certain kind of charge are actually charged and the rest, although within the general description, are not charged. Summer hotels and boarding houses are capriciously selected and arbitrarily charged an exhorbitant rate for something for which either no charge or a nominal charge of two dollars to five dollars per year is made to others. Manifestly a fire rate upon hotels and boarding houses only creates an unlawful discrimination in favor of all excepted classes. To assess consumers, as has been done here, at a higher rate than non-consumers are assessed is clearly unjust. To assess but a certain class of consumers, namely, hotels and boarding houses that are not occupied the entire year, and to exempt all others whose property is likewise unoccupied, is arbitrary and discriminatory. We cannot escape the conclusion that this so-called fire rate is in fact and effect a penalty imposed upon the property of appellant and upon properties of others similarly situated, having no relation to any legitimate basis of classification. The viciousness of the fire rate is at once apparent when we consider

that its burden is imposed solely on hotels and boarding houses and that it exempts from its operation all other property in the same class receiving like benefits.

The respondents urge that this assessment should be sustained because it has gone unchallenged for a long period. That argument is not persuasive. The courts should not hesitate to strike down an illegal system of taxation simply because it has been successfully resorted to for years and has been productive of revenue for the city. We are convinced that the assessment in question is arbitrary, discriminatory and void and should be set aside.

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the motion for judgment granted, with costs.

HILL, P. J., and McNAMEE, J., concur. BLISS, J.: I concur in the result upon the ground that the difference between the rate imposed upon non-consumers and that imposed upon consumers, of the same class and within the same area, is, from the standpoint of fire protection, discriminatory. RHODES, J., dissents.

Order reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion for judgment granted, with costs.