### NEW YORK UNIVERSITY v. AMERICAN BOOK CO.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

LANDLORD AND TENANT (§ 149*)—LIABILITY OF TENANT FOR WATER RATES.

    A tenant, holding under a lease containing no provision with respect to the use of water or the payment of water rates, is liable, as for money received, to the landlord for the amount charged by the city for water used by the tenant and the interest and penalties thereon, paid by the landlord to prevent the charge becoming a lien on the premises.

    [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 149.*]

Appeal from Special Term, New York County.

Action by the New York University against the American Book Company. From a judgment overruling a demurrer to the complaint (63 Misc. Rep. 122, 115 N. Y. Supp. 103), defendant appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, LAUGHLIN, and SCOTT, JJ.

Franklin Pierce (Frank A. Clary, on the brief), for appellant.
George A. Strong, for respondent.

LAUGHLIN, J. The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action against the defendant. On the 9th day of March, 1894, the plaintiff made a contract with the American Book Company, a New Jersey corporation, by which the plaintiff obligated itself to erect a ten-story building, with basement and subbasement, on premises owned by it, fronting on University Place, in the city of New York, and by which said American Book Company agreed to lease the entire building below the eighth floor for a period of 25 years, for the purpose of conducting its business of printing, binding, manufacturing, and publishing books, at an annual rental of $40,000. The plaintiff erected the building, and thereafter, and on the 17th day of January, 1896, made a lease with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said American Book Company in accordance with the contract therefor. The plaintiff alleges that thereafter the defendant was incorporated under the laws of the state of New York, bearing the same name as the New Jersey Company, and took an assignment and transfer of all the assets of the New Jersey corporation, and assumed and agreed, in part consideration therefor, "to pay and discharge all and every the debts and liabilities of the said New Jersey corporation"; that the New Jersey corporation took possession of the leased premises and conducted thereon the business of manufacturing books and other printed publications, and in the course of said business, during the years 1896, 1897, 1898, 1899, and 1900, consumed water supplied by the city of New York through meters registering the quantity thereof, for which, by virtue of the provisions of the charter of the city of New York, bills were required to be rendered to the consumer of the water, based upon the amount of water passing through the meters; that the New Jersey corporation failed to pay any of the amount charged for the water thus consumed by it; that by virtue of the provisions of the charter of the city of New York the charges and penalties imposed for the nonpayment thereof became a lien upon the premises; that the plaintiff made repeated demands on the New Jersey corporation to pay the charges made by the city for the use of water by it, and has made similar demands on the defendant since it assumed the obligations of the New Jersey corporation; that, through the failure of the New Jersey corporation and of the defendant to pay said water charges, the plaintiff has been compelled to pay the same, together with the penalties attached thereto, in order to discharge the lien thereof upon its premises and to prevent a sale of its premises for the nonpayment thereof; that on the 1st day of September, 1903, plaintiff paid the sum of $785, the charges for the use of water for the year 1896, together with interest thereon and the expense of advertising the property for sale, aggregating, with the charges for the consumption of water, the sum of $1,111.56, and on the 10th day of June, 1905, paid the sum of $1,546.40, the charges for the use of water for the year 1897, together with interest and advertising, aggregating, with the charges for consumption of water, the sum of $2,272.19, and on the 12th day of June, 1905, paid the sum of $1,923.30, the water charges for the year 1898, and the sum of $744.50, the water charges for the year 1899, and the sum of $2,226.30, the water charges for the year 1900, together with interest thereon, aggregating, with the charges for consumption of water, the sum of $6,479.78, making in all the sum of $9,863.53, for which judgment is demanded, together with interest on the respective amounts from the respective dates of payment thereof and the costs of the action.

The contract and lease contained no provision with respect to the use of water or the payment of water rates or charges. The action is brought upon the theory that the defendant is liable to the plaintiff for money had and received, on the ground that the water rates were fixed by the city and the water was consumed by the defendant and its predecessor in business, whose obligations it has assumed, and that as between the plaintiff and the defendant it was the duty of the

latter to pay the same.   The learned counsel for the defendant contends, in favor of the demurrer, that no duty rested upon the defendant or on the New Jersey corporation to pay the city's charges for the water consumed.   He does not contend, and he cites no authority sustaining the proposition, that as between the parties the landlord was under any obligation to furnish water for the use of the tenant.   He relies upon the case of Moffat v. Henderson, 50 N. Y. Super. Ct. 211, and cases cited, and following the rule there laid down, and text-books based upon those decisions as authority for this proposition, it must be conceded that those authorities tend to sustain his contention.   They are, however, all based upon the theory, since declared by the Court of Appeals to be erroneous, that water rates are taxes, and that therefore the tenant, in the absence of an express agreement, which it is claimed is usual and customary, is no more liable for taxes for the use of water than for other taxes and assessments levied against the premises.   There is manifestly a broad distinction between taxes and assessments levied against premises for the maintenance of the state or the city government, or for local improvements, for which the tenant receives no benefit, except as he uses the premises and for which use he gives return in rent, and charges for the consumption of water by the tenant, for which the landlord receives no benefit, but for which he is liable to the municipality on account of having his premises fitted up for the use of the water and having the same connected with the lateral pipes, and thus with the mains through which the city furnishes water to its inhabitants, and the charges for which the Legislature has provided, in order to insure the payment thereof to the city, shall, if not paid, ultimately become a lien upon the property, and enforceable against it.   In Silkman v. Water Commissioners, 152 N. Y. 327, 46 N. E. 612, 37 L. R. A. 827, the Court of Appeals decided that water rates or rents are not taxes, and that the owner of premises becomes liable for the same by virtue of an implied contract, created by his having his building connected with the water supply, so that the water furnished by the municipality, or other corporation authorized to supply water to the inhabitants, may be used therein, and that it is part of the implied contract, made so by virtue of the provisions of the statute, that, if the water rates or rents are not paid within a prescribed time, they may be enforced by a sale of the premises.   See, also, City of East Grand Forks v. Lock, 97 Minn. 373, 107 N. W. 393, 6 L. R. A. (N. S.) 198;  Wagner v. Rock Island Rd., 146 Ill. 139, 34 N. E. 545, 21 L. R. A. 519;  Provident Inst. v. Jersey City, 113 U. S. 506, 5 Sup. Ct. 612, 28 L. Ed. 1102;  Powell v. Duluth, 91 Minn. 53, 97 N. W. 450;  Hennessey v. Volkening (Super. N. Y.) 22 N. Y. Supp. 528.

We are not now concerned with the constitutionality of legislation purporting to authorize a charge for water rates against vacant land, or against improved land where no water is used;  nor are we required to examine whether the rule which has been laid down by the learned trial justice and which we are about to approve, is necessarily the same with respect to water rates or rents based on the facilities and opportunity afforded for using water without a meter, and, therefore, without regard to the quantity of water actually consumed.   It

is alleged that the city placed and maintained water meters in plaintiff's building. In such case it has long been the law in the city of New York that no charges could be made against the premises excepting for water actually consumed, as shown by a meter. Consolidation Act (being chapter 410, p. 92, Laws 1882) § 352; Greater New York Charter (Laws 1901, pp. 210, 211, c. 466) §§ 473, 475. This court has held that in such case the registrations of the meter offered the only basis of charges for water consumed on the premises, and that it is binding alike on the consumer and on the city. Healy v. City of N. Y., 90 App. Div. 170, 85 N. Y. Supp. 750. These charter provisions also required that the bills for the water consumed should be made out to the consumer, and, although it was therein declared that they should be liens upon the property, no provision was made to enforce the lien until many months thereafter, when by virtue of the provisions of section 353 of the consolidation act and section 476 of the Greater New York charter additional charges were made thereon of 5 per cent. for nonpayment before the 1st day of August in each year and 10 per cent. in addition if not paid on or before the 1st day of November thereafter, and by virtue of the provisions of sections 921, 922, and 923 of the consolidation act and sections 1022, 1023, 1024, and 1031 of the Greater New York charter, provision was made for adding them to the yearly assessment rolls and for including them in the tax sales of the premises.

Moreover, it is alleged in the complaint that the water charges, rates, or rents which the plaintiff seeks to recover are for water actually used by the defendant and its predecessor according to the rates lawfully prescribed therefor. It having been authoritatively decided that such charges for the use of water rest on contract, and are not taxes, it would seem to follow on principle that, as between the landlord and tenant, in the absence of any agreement to the contrary, the duty would devolve on the latter to pay for the water which he uses for his own purposes, and which in no manner results to the benefit or advantage of the landlord. If, as seems manifest and is not controverted, the landlord would have had the right to have the water turned off before the tenant took possession, and was under no obligation to furnish the water to the tenant, then it could not be successfully maintained that the tenant could turn on the water, or have it turned on, without the consent of the landlord, and thus subject the landlord to a liability which he would ultimately be obliged to pay in order to prevent a sale of his property, without being liable over to the landlord therefor. I see no difference in principle between that case and this. The tenant had no more right to turn the faucets and use the water at the expense of the landlord than it would have had to turn on the connection between the water pipes in the house and the lateral pipe running to the street and thereby enable itself to use the water at the expense of its landlord. It is quite like using coal or other fuel left on the premises. The tenant was under no obligation to use the water. When it used water, which belongs to the city, the primary duty rested upon it to pay therefor. There is no law that required water to be used on the premises, although certain uses of the

premises without the use of water would doubtless be unlawful. The water was used solely for the benefit of the tenant, and it being no part of the landlord's duty to furnish it, and the tenant being under no legal obligation to use it, it is, I think, quite clear on principle that the tenant is liable to the landlord as for money had and received for the water rents or rates from the time they became due and payable, together with interest thereon and the additional charges for failure to pay promptly. That being so, the complaint is good as against the demurrer.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw the demurrer and plead over on payment of costs of the appeal and of the demurrer.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN, upon the ground that there is a plain distinction between a tax imposed on real property for the privilege to use water supplied by the municipality and a liability based upon the amount of water actually used by an occupant of real property. In Silkman v. Water Com'rs of Yonkers, 152 N. Y. 327, 46 N. E. 612, 37 L. R. A. 827, this distinction is recognized and applied. The question there before the court arose in a case where the defendant had established a scale of rents to be charged to persons using the water, which was governed by the quantity of water consumed. It was held under such circumstances that the charge for the water consumed was not a tax; that there was a clear distinction between rent paid for water actually furnished by a municipal corporation and used by an individual, and the payment of a sum in the nature of a tax for an anticipated benefit arising from the presence of water in the city; that where water is furnished by a municipal corporation, and a charge made based upon the amount actually used, it was not a tax, but a liability to pay for the water used upon an express contract that the person using the water would pay for it at the rates established. Applying this principle to this case, the obligation to pay for the water used was based upon an express contract between the city of New York and the person using the water (the defendant), by which the defendant became obligated to pay to the city the amount charged for the water actually used; and the plaintiff, having been compelled to pay that charge to discharge the lien imposed upon its property by the failure of the defendant to pay the amount due under its contract with the city, became subrogated to the right of the city to collect the amount due, and a cause of action was therefore alleged. All concur.