NEW YORK UNIVERSITY, Respondent, *v.* AMERICAN BOOK COMPANY, Appellant.

New York (city of) — lien of city for unpaid charges for water supplied through a meter — subrogation — owner of building who has paid such charge against a tenant may be subrogated to the lien therefor.

The city of New York has a lien upon property for any unpaid charge for water which is used thereon in cases where water is measured through a meter, and where such charge is paid by the owner of a building he is subrogated to the rights of the city as against a tenant who has failed to make the payment, and may recover from him the amount so paid. *New York University* v. *American Book Co.*, 132 App. Div. 732, affirmed.

(Argued January 3, 1910; decided January 18, 1910.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1909, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Franklin Pierce* for appellant. The tenant consumer in such a case as this is exempted from obligation to pay water rents. (2 Lewis Sutherland on Stat. Const. § 403, note 98 ; Id. 474, note 78 ; 26 Am. & Eng. Ency of Law, 713 ; *People ex. rel. Outwater* v. *Green*, 56 N. Y. 466 ; *Hakes* v. *Peck*, 30 How. Pr. 104 ; *Pulitzer* v. *City of N. Y.*, 48 App. Div. 7 ; *Halsey* v. *J. D. Co.*, 114 App. Div. 423 ; *Douglass* v. *County of Pike*, 101 U. S. 677 ; *MacDonald* v. *Hovey*, 110 U. S. 619 ; *United States* v. *Gilmore*, 8 Wall. 330 ; *Graves* v. *Tofield*, L. R. [14 Ch. Div.] 563 ; *Y. Ins. Co.* v. *Clayton*, L. R. [8 Q. B. D.] 421 ; *Jay* v. *Johnstone*, L. R. [1 Q. B. D. 1892] 25 ; *Attorney-General* v. *Clarkson*, L. R. [1 Q. B. D. 1900] 156.) On principle and reason and the circumstances surrounding the making of this lease, it is clear beyond peradventure that the plaintiff did not at that time expect that the defendant would pay these water rents and that the defendant did not intend to pay them. Both parties understood the lease as putting the burden of payment of the water rents upon the plaintiff. (*Woodruff* v. *O. S. Co.*, 177 N. Y. 16 ; *Simmonds* v. *Am. L. of H.*, 178 N. Y. 263 ; *Cargill* v. *Bower*, 1 Mich. 369 ; *Gist* v. *Drakely*, 2 Gill [Md.], 331 ; *Clayton* v. *Smith*, 1 Col. 95 ; *Butler* v. *Livingston*, 15 Ga. 565 ; *Smythe* v. *Monroe*, 84 N. Y. 354 ; *People ex rel. v. N. Y. Univ.* v. *Wells*, 94 App. Div. 271.) Water rents are taxes whenever the water rents are made a lien upon the real estate, and the landlord's property can be sold for the payment of those arrearages of water rents in the same manner as for other taxes. (*Fire Ins. Co.* v. *Vil. of Keeseville*, 148 N. Y. 57 ; *Garner* v. *Hannah*, 6

Duer, 262; *Batterman* v. *City of New York,* 65 App. Div. 576; *Daisey* v. *Skinner,* 11 N. Y. Supp. 821; *Remsen* v. *Wheeler,* 105 N. Y. 573; *Matter of Trustees of Union College,* 129 N. Y. 308; *Matter of Flower,* 7 N. Y. Supp. 866; *Krumenaker* v. *Dougherty,* 74 App. Div. 452; *Altoona* v. *Shellenberger,* 6 Penn. Dist. 544; *Howe* v. *Orange,* 62 Atl. Rep. 777; *G. L. Ins. Co.* v. *Philadelphia,* 88 Penn. St. 375; *Atlanta* v. *Burton,* 90 Ga. 486.) The landlord here is personally liable for the water rents. (Jones on Landl. & Tenant, § 414; *Leighton* v. *Ricker,* 173 Mass. 564; *Sheldon* v. *Hamilton,* 22 R. I. 230.) In order to make the appellant liable here on any such theory as is set forth in the complaint, there must be a liability of the appellant to the city resting in contract and a compulsion of law upon the part of the respondent growing out of the breach of that liability and not in any way out of the respondent's independent obligation to make the payment sued for. If the respondent was under any obligation whatever by contract, implied or otherwise, to pay the city for that water it cannot maintain this action, inasmuch as it omitted the clause requiring the tenant to pay the rents from the lease. (*Moffat* v. *Henderson,* 18 J. & S. 217; *Provident Inst.* v. *Mayor, etc.,* 113 U. S. 506; *City of East Grand Forks* v. *Tuck,* 6 L. R. A. 198; *Riker* v. *Lancaster,* 7 Penn. 149; *Hartman* v. *U. S.,* 40 Ct. of Cl. Rep. 133; *Wilmington* v. *Bryan,* 141 N. C. 667; *Hawkins* v. *U. S.,* 96 U. S. 689; *Comcl. Bank* v. *Pfeiffer,* 22 Hun, 327; *Touissant* v. *Martinnant,* 2 T. R. 100; *Exall* v. *Partridge,* 8 T. R. 308; *Curtiss* v. *Parks,* 55 Cal. 106.)

*George A. Strong* and *William S. Opdyke* for respondent. The defendant and not the plaintiff should pay these water rates. (*Silkman* v. *Water Comrs.,* 152 N. Y. 327; *Boreel* v. *Lawton,* 90 N. Y. 293.)

*Per Curiam.* Plaintiff is the owner of a large building in the city of New York which it leased to the defendant for a term of years. The lease contained no provision with refer-

ence to the payment of taxes that might be imposed upon the property and, therefore, the burden of their payment remained on the landlord.   The defendant during its occupancy of the premises used large quantities of water which was furnished to it by the city and measured through a meter.   The defendant failed to pay for the water consumed by it, whereupon the plaintiff paid the city's claim and has brought this action to recover the amount paid.

The city of New York under the charter (§ 473) is authorized to adopt either of two distinct methods of compensating or reimbursing itself for furnishing water to its inhabitants. The first is by the exercise of the power of taxation; the second, by sale.   By the section cited the board of aldermen is authorized to establish a uniform scale of rates and charges for supplying water to different classes of buildings in the city with reference to their dimensions, value, exposure, use, etc.   The rates so imposed must be paid regardless of the quantity of water used, or whether any water is used.   Such a rate is a tax (*Remsen* v. *Wheeler*, 105 N. Y. 573 ; *Matter of Trustees of Union College*, 129 id. 308), and the obligation to pay it is created by the exercise of the taxing power of the local authorities.   By the same section it is also provided that no charge shall be made against any building in which a water meter shall have been placed as provided by the charter.   By section 475 the commissioner of water supply is authorized to place meters in certain classes of buildings and the charge made depends solely upon the quantity of water used.   In this class of cases there is merely a voluntary purchase by the consumer from the city of such quantity of water as he chooses to buy (*Silkman* v. *Bd. of Water Commissioners*, 152 N. Y. 327), and the obligation to pay therefor must primarily rest upon him who buys and consumes the article.   As the sale by the city is necessarily on credit, as security for the payment of the debt a lien is imposed on the property itself for any unpaid charge.   The plaintiff's property being thus pledged for the security of the defendant's debt, the plaintiff occupied the position of a surety,

and on payment of the city's claim was subrogated to its rights against the defendant.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.