BRANDT v. STADLER.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

LANDLORD AND TENANT (§ 149*)—PAYMENT OF WATER RATES.

The contractual relation of landlord and tenant imposes no obligation upon the landlord to pay water rates, which are not a tax upon the property.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 519–535; Dec. Dig. § 149.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Herman Brandt against A. Lincoln Stadler. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Ira Leo Bamberger and Sidney Lowenthal, both of New York City, for appellant.

Leon Kauffman, of New York City, for respondent.

LEHMAN, J. The plaintiff on June 4, 1912, leased a house at the seashore from the defendant for the summer season. The lease is silent as to the payment of water rates. Thereafter the plaintiff received a bill from the Tintern Manor Water Company for $42 for water rates for the year from June 1, 1912, to June 1, 1913. The bill contained a notice that, "unless paid by August 24, 1912, the water service will be discontinued."

In the case of New York University v. American Book Co., 132 App. Div. 732, 117 N. Y. Supp. 387, Id., 197 N. Y. 294, 90 N. E. 819, it was held that a landlord is under no obligation to furnish a tenant with water, and is bound to pay the water rates only if these rates constitute a tax upon his premises, regardless of whether the tenant uses the water or not. In other words, no contractual relation with the tenant imposes any obligation upon the landlord to furnish the tenant with water, and an obligation to pay water rates arises only where the obligation is imposed by the state as a tax. In this case there is absolutely nothing in the evidence to show that the water rates of the Tintern Manor Water Company are a tax upon the premises. Apparently the company is merely a private corporation, which furnishes water by contract. The complaint herein should therefore have been dismissed.

Judgment should be reversed, with costs, and the complaint dismissed, with costs. All concur.