MILLIE H. SAYER, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Cloud upon title — when owner of real property entitled to have lien for unpaid charge for city water canceled as a cloud upon the title.

1. The owner of real property is entitled to have a lien thereon, apparently valid but void in fact, canceled as a cloud upon the title.

2. Where an unmetered fire hydrant was installed upon the premises of defendant in the city of New York without the knowledge or

consent of defendant or the commissioner of water supply, gas and electricity, and neither the plaintiff nor her predecessor in title made any agreement with the defendant to pay any sum for its maintenance, an order or regulation of the commissioner does not justify a charge for the unmetered hydrant, or the return of said unpaid charge and the entry thereof upon the tax records so as to constitute a lien upon the premises. (Greater New York Charter, §§ 473, 475; L. 1901, ch. 466.)

*Sayer* v. *City of New York,* 151 App. Div. 894, reversed.

(Argued March 20, 1913; decided April 15, 1913.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 4, 1912, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Prendergast* and *Thomas B. Gilchrist* for appellant. There was no power or authority vested in the commissioner of water supply, gas and electricity to impose the special water rent or charge for the maintenance of the unmetered fire hydrant upon the premises described in the complaint. (*Foster* v. *Monroe,* 40 Misc. Rep. 449; *People ex rel. Young* v. *Willis,* 133 N. Y. 383.)

*Archibald R. Watson,* Corporation Counsel (*James D. Bell* and *John B. Shanahan* of counsel), for respondent. There was a complete failure of proof on the part of the plaintiff that the water rates and charges complained of were imposed without authority of law. (*N. Y. University* v. *A. B. Co.,* 197 N. Y. 294.) The plaintiff is chargeable the same as if the fire hydrant had been installed under agreement with the commissioner. She is chargeable with the equity in favor of the city against her predecessor in title. She should do equity. (*Trustees* v. *Lynch,* 70 N. Y. 449; *Goodhue* v. *Cameron,* 142 App. Div. 475; *Joy* v. *St. Louis,* 138 U. S. 1; *Mayor* v. *Twenty-third St.*

*R. R. Co.,* 113 N. Y. 319; *People ex rel.* v. *North Tona-wanda,* 70 Misc. Rep. 92; *Pittsburg, C. & St. L. R. R. Co.* v. *Hood,* 94 Fed. Rep. 621.)

MILLER, J. In March, 1907, the plaintiff acquired title to certain premises in the borough of Brooklyn, upon which there was a factory building and a number of water connections, including two fire hydrants, which were all metered except one fire hydrant. Annually, during the years 1902 to 1910, inclusive, the defendant levied a charge of $50 for the unmetered fire hydrant. The charges, not being paid, were returned as arrears to the collector of assessments and arrears and were entered upon the regular tax records of the defendant and upon their face are valid liens upon said premises. This action was brought to vacate and cancel said liens as a cloud on the plaintiff's title. The only substantial question, which survives the unanimous affirmance of the Appellate Division, is whether the findings support the judgment.

There is a finding that the charge of $50 a year "is the regular charge for an unmetered fire hydrant under the ordinances of the Board of Aldermen and the rules and regulations of the Department and Commissioner of Water Supply, Gas and Electricity of the City of New York." That finding can only be understood by reference to the said "ordinances" and "rules and regulations" which are in evidence. The ordinance establishes minimum frontage rates and certain extra or special charges, vests in the commissioner of water supply, gas and electricity discretionary power to require meters to be placed in "all stores, workshops, hotels, manufactories, office buildings, public edifices, or wharves, ferry houses, and in all places where water is furnished for business consumption, except private dwellings;" and establishes a rate of ten cents per 100 cubic feet for water thus measured. It then provides: "All charges not herein mentioned or fixed are reserved for special contract by and with the Commissioner of Water Supply, Gas and

11

Electricity." It establishes no charge for an unmetered fire hydrant. There is in the record an order purporting to have been made by the deputy commissioner of water supply, gas and electricity, pursuant to the direction of the commissioner, which in substance provides that charges for fire service for the year ending May 1st, 1902, and for prior years, should be canceled unless there is evidence of a special agreement between the commissioner and the party sought to be charged, and that "on and after May 1st, 1903, a charge of $50 in addition to the regular frontage rates should be imposed for each system of pipes for fire protection having a connection with the water mains of the city in all cases where the regular supply of water to the premises to which the pipes are attached is unmetered." But the court also found that the unmetered fire hydrant was installed without the knowledge or consent of the defendant or the commissioner of water supply, gas and electricity, and that neither the plaintiff nor her predecessor in title made any agreement with the defendant to pay $50 per year or any other sum for its maintenance. The question is, therefore, presented whether the said order or regulation of the commissioner justified the charge of $50 per year for the unmetered hydrant, the return of said unpaid charge and the entry thereof upon the tax records so as to constitute a lien upon the premises.

It is to be noted that the charge was not made pursuant to any contract made by or with the commissioner under the authority vested in him by the board of aldermen or for water actually consumed but was imposed solely perforce of the regulation of the commissioner and irrespective of whether any water at all was consumed. The power to fix water rents and charges is vested in the board of aldermen by section 473 of the Greater New York charter (L. 1901, ch. 466) which provides that "said rents, including the extra charges aforesaid, shall become a charge and lien upon such houses and

lots." As appears by sections 469 *et seq.*, the duties of the commissioner are administrative. While he was authorized by the ordinance to make special contracts for charges not fixed by the ordinance, he had no authority to establish a general rate or charge to be imposed except by contract. He is authorized by section 475 to install meters in certain classes of buildings. Section 473 contains this provision: In all such cases in which a water meter may have been or shall be placed in any building as provided in this act, except as hereinafter provided, the charge for water "shall be determined only by the quantity of water actually used as shown by said meters." The said regulation of the commissioner was obviously intended to fix a uniform price at which he would make a special contract for fire protection to premises to which the regular supply of water was unmetered. It contained this provision: "but in all cases where the regular supply of water to the premises to be protected is metered, the pipes for fire protection must be metered or must be taken out." Even assuming, therefore, that the commissioner had authority, or that his regulation was intended to establish a uniform rate or charge to be imposed irrespective of a special contract for an unmetered fire hydrant, it is doubtful if it could be construed as applying to the premises in question, but it is unnecessary to determine that question, as it is plain that he neither had, nor assumed to exercise, the power to establish uniform charges to be imposed irrespective of a special contract.

Water rents and charges may be collected either as taxes or as compensation for water consumed (*New York University* v. *American Book Company*, 197 N. Y. 294), and a lien therefor may be imposed on either theory but only perforce of the statute. Plainly, the lien in this case cannot be sustained as a tax. The statute authorizes a lien on the theory of sale where the compensation is fixed in one of three ways; 1, where the

water consumed is metered; 2, where a flat rate is established by the board of aldermen; 3, where a special contract is made by the commissioner of water supply, gas and electricity, in cases not specifically provided for by the ordinance. This case does not fall under either head, and the city is, therefore, not entitled to a lien until it establishes its right to compensation by a judgment.

The learned court at Special Term dismissed the complaint on the theory that the plaintiff would not be heard to say in a court of equity that she unlawfully had a fire hydrant on her premises. What she says is that the flat charge of $50 a year, irrespective of the consumption of water, was unlawful because not fixed by the body in whom the sole power to establish rates was vested, and that, therefore, the lien upon her premises, valid on its face, is in fact void. No authority is needed in support of the proposition that the owner of real property is entitled to have a lien thereon, apparently valid but void in fact, canceled as a cloud upon the title.

The judgments of the Special Term and of the Appellate Division should be reversed, and a judgment directed for the plaintiff for the relief demanded in the complaint, with costs in all the courts.

Cullen, Ch. J., Gray, Werner, Hiscock and Collin, JJ., concur; Cuddeback, J., dissents.

Judgment accordingly.