HENRY LICHTIG, as Trustee for Certificate Holders under Guarantee No. 206,415, Bond and Mortgage Guarantee Company, Plaintiff, v. BATES CHEVROLET COMPANY, INC., Defendant.

First Department. November 19, 1937.

*David M. Berger*, for the plaintiff.

*Bernard Trencher* of counsel [*John P. Walsh* with him on the brief; *Kadel, Van Kirk & Trencher*, attorneys], for the defendant.

GLENNON, J. For the purpose of brevity we will quote only those essential facts which are necessary to indicate the reason for our conclusion: " Plaintiff now is the owner in fee of premises known as 391 Grand Concourse (Mott Avenue), Borough of Bronx, City of New York, having acquired title by deed dated March 17, 1936, and is, like his immediate predecessors in title, the Superintendent of Insurance of the State of New York, and the Mortgage Commission of the State of New York, such owner, as Trustee, for the participating certificate holders of the mortgage which was foreclosed as hereinafter mentioned."

Bates Bronx Realty Corporation was the owner in fee of the premises which were subject to the mortgage referred to in the quoted paragraph. " By its terms, said mortgage permitted the mortgagee to foreclose the same in the event that the owner should default in paying water rates and charges of the City of New York assessed against said premises. By reason of the existence of such a default, among others, the mortgagee did foreclose said mortgage, in which action the defendant herein was a defendant, and plaintiff's predecessors in title became the purchaser of the mortgaged premises at the sale conducted in pursuance of the judgment of foreclosure and sale in said action."

During the period between May 9, 1933, and April 15, 1936, the defendant was the sole occupant and tenant of the building and premises, and used it only for business purposes. It is not disputed that during the entire period of defendant's possession the premises were equipped with two water meters to register the quantity of water which was supplied by the city of New York and consumed on the premises. Between May 9, 1933, and October 25, 1934, when the foreclosure action was instituted, the defendant consumed water as indicated by the meters for which the city made a charge of $231.35. From October 25, 1934, to April 1, 1935, the date of the sale of the premises under the judgment of foreclosure, the charge for water consumed by the defendant was $92.25, and from April 1, 1935, to April 15, 1936, the charge was $232.10, making a total of $555.70.

For the purpose of discharging the liens, the plaintiff, on July 22, 1936, paid to the city of New York the sum of $604.18, which included penalties. Plaintiff thereupon demanded that the defend-

ant reimburse him for the payment thus made, but the defendant refused. It is not disputed by the parties that the leases under which the defendant occupied the premises are silent as to the party upon whom should rest the burden of paying the water charges.

The defendant contends that, although the leases were silent upon the subject of payment of the water charges, the course of dealing between the defendant, as tenant, and all the owners of the property reveals a consistent understanding between the parties that the owners, and not the defendant, should pay the city water charges. In making this claim, however, defendant has lost sight of the fact that between the dates of May 9, 1933, and April 15, 1936, it alone consumed the water for its own use and nobody paid for it until the plaintiff, as trustee, presented his check to the city during the month of July, 1936. The water consumed was used for the benefit of the tenant and not the plaintiff and his predecessor landlords.

What relationship the original landlord, Bates Bronx Realty Corporation, bore to the defendant, Bates Chevrolet Company, Inc., does not appear. It is true that prior to the period in suit Bates Bronx Realty Corporation paid water charges. However, the course of conduct it pursued is not binding upon the plaintiff, as trustee, and his immediate predecessors.

We are of the opinion that the case of *New York University* v. *American Book Co.* (197 N. Y. 294) is controlling. Since the opinion of the Court of Appeals in that case is not long, we quote it in full:

" Plaintiff is the owner of a large building in the city of New York which it leased to the defendant for a term of years. The lease contained no provision with reference to the payment of taxes that might be imposed upon the property and, therefore, the burden of their payment remained on the landlord. The defendant during its occupancy of the premises used large quantities of water which was furnished to it by the city and measured through a meter. The defendant failed to pay for the water consumed by it, whereupon the plaintiff paid the city's claim and has brought this action to recover the amount paid.

" The city of New York under the charter (§ 473) is authorized to adopt either of two distinct methods of compensating or reimbursing itself for furnishing water to its inhabitants. The first is by the exercise of the power of taxation; the second, by sale. By the section cited the board of aldermen is authorized to establish a uniform scale of rates and charges for supplying water to different classes of buildings in the city with reference to their

dimensions, value, exposure, use, etc. The rates so imposed must be paid regardless of the quantity of water used, or whether any water is used. Such a rate is a tax (*Remsen* v. *Wheeler*, 105 N. Y. 573; *Matter of Trustees of Union College*, 129 id. 308), and the obligation to pay it is created by the exercise of the taxing power of the local authorities. By the same section it is also provided that no charge shall be made against any building in which a water meter shall have been placed as provided by the charter. By section 475 the commissioner of water supply is authorized to place meters in certain classes of buildings and the charge made depends solely upon the quantity of water used. In this class of cases there is merely a voluntary purchase by the consumer from the city of such quantity of water as he chooses to buy (*Silkman* v. *Bd. of Water Commissioners*, 152 N. Y. 327), and the obligation to pay therefor must primarily rest upon him who buys and consumes the article. As the sale by the city is necessarily on credit, as security for the payment of the debt a lien is imposed on the property itself for any unpaid charge. The plaintiff's property being thus pledged for the security of the defendant's debt, the plaintiff occupied the position of a surety, and on payment of the city's claim was subrogated to its rights against the defendant."

The failure of the plaintiff and the other trustees to make a demand prior to July 22, 1936, for the payment of charges for water consumed by the defendant between May 9, 1933, and April 15, 1936, does not relieve the defendant of its obligation to reimburse the plaintiff for the money which he was compelled to pay to the city.

For the reasons assigned, plaintiff is entitled to recover the sum of $604.18, together with interest from July 22, 1936, without costs.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Judgment directed in favor of plaintiff for $604.18, together with interest from July 22, 1936, without costs. Settle order on notice.