RUPERSAM REALTY CORPORATION, Appellant, *v.* LARPEG REALTY CORPORATION and Others, Defendants, Impleaded with VILLAGE OF MAMARONECK and WESTCHESTER JOINT WATER WORKS No. 1, Respondents.

Second Department, April 18, 1938.

*Irving A. Rubin,* for the appellant.

*Munn Brewer* [*Anthony Sansone* with him on the brief], for the respondents.

Davis, J. The plaintiff's assignor purchased of defendant village of Mamaroneck a tax lien on certain property therein, and the lien was transferred to it under the provisions of section 133 of the Village Law (added by Laws of 1934, chap. 17). It was stated in the transfer that the owner " is entitled to all the privileges and benefits of said act." No other statute was referred to. So on its face this tax lien was subject only to all taxes and assessments still unpaid and to all taxes and assessments which may have become a lien subsequent to the lien of the taxes or assessments for which the tax lien was sold. The action is to foreclose the lien so transferred.

It appears that at the time there were water rates or " water rents " on the particular premises which were unpaid. The plaintiff alleged in its second amended complaint that these water rents were subordinate to its lien, and sought to cut them off by foreclosure. The answers of defendants village and joint water works in effect alleged that these water rents constituted a lien equal or superior to the lien of the plaintiff.

The plaintiff made motions for summary judgment. The motions were denied and the second amended complaint dismissed as to these defendants. From the order and judgment entered thereon plaintiff appeals.

The provisions of section 133 of the Village Law provide, in brief, that the " right and lien so sold shall be called ' tax lien,' " and that " such tax lien so sold shall be subject to all taxes and assessments." The question is whether the charges for water consumed by an occupant of the premises constitute a tax and assessment.

Ordinarily when water rents are incurred by a consumer such rents are not classified as taxes or assessments. (*Silkman* v. *Water Commissioners,* 152 N. Y. 327; *New York University* v. *American Book Co.,* 197 id. 294; *Loring* v. *Commissioner of Public Works,* 264 Mass. 460, 465; 163 N. E. 82; Hamilton on Special Assessments, § 261; 3 Dillon on Mun. Corp. [5th ed.] § 1323.) Methods not available for the collection of other taxes are usually provided for the collection of water rates. Such rates may become, by statute, a lien on the property and remedies provided for its enforcement, but when the plaintiff took this transfer no statute fixed the lien as a tax lien equal or superior to that of the lien for unpaid general

tax. When such a lien is created it exists only by virtue of the statute (*Sayer* v. *City of New York*, 208 N. Y. 159, 163); and where its nature is undefined or limited by the statute it will not be extended by judicial construction. (67 C. J. p. 1273, and cases cited.) It may be noted that by chapter 885 of the Laws of 1937, an amendment was made to subdivision 6 of section 20 of chapter 654 of the Laws of 1927 (added by Laws of 1928, chap. 426) to make it more definite that these rates were a lien on real property and were to be known as water rents and declared to be " prior and superior to every other lien or claim except the lien of an existing tax." Of course, that statute is inapplicable to the present case, for the claims of the plaintiff became vested before the statute was enacted. It does illustrate the fact that it was found necessary to make the statute somewhat more definite and specific in its application to these water rents, but it still left the liens of such water rents subordinate to the " lien of an existing tax."

It is argued by respondents that in the 1927 statute (Chap. 654) the powers of corporations like these defendants were further defined by reference to section 229 of the Village Law. That section provided, as to water rents, in part: " Such rents shall be a lien on the real property upon which the water is used, and such lien is prior and superior to every other lien or claim, except the lien of an existing tax;" and provided remedies for the enforcement of the lien.

Obviously the plaintiff's claim is a lien for an existing and unpaid tax, and it is not apparent how the defendants can claim any equality or superiority of the water rents lien over that of plaintiff. The defendants have followed no remedy prescribed by statute for the enforcement of the lien for water rents, and their practice in transferring tax liens like the one to plaintiff's assignor, referring only to the provisions of section 133 of the Village Law, indicates that they never construed these other statutes as limiting the tax lien so transferred.

Further, said defendants have not set up in their answers, or otherwise, any facts indicating that by their acts or by force of law the water rents have become such liens on the property that they are entitled to any superiority. Even though some of the water rents may have antedated the tax lien, there is no evidence that any procedure was followed to establish them as prior existing claims on the property. Ordinarily the general tax levied for the purpose of maintaining the functions of government will naturally have superiority over any other liens. On a sale, if protective bids are made so that a surplus arises, all junior liens of every nature, including these which are apparently of that class, and the liens of

mortgages, judgments, and the like, may be paid out of such surplus.

The order and judgment should be reversed on the law, with ten dollars costs and disbursements, and the plaintiff's motions for summary judgment granted. If the respondents are advised that they can set up additional facts, leave should be given to serve amended answers within ten days after the entry of the order.

LAZANSKY, P. J., and HAGARTY, J., concur; JOHNSTON and TAYLOR, JJ., dissent and vote to affirm, being of the opinion that the lien for water rents is prior and superior to plaintiff's lien.

Order and judgment reversed on the law, with ten dollars costs and disbursements, and plaintiff's motions for summary judgment granted, with leave to respondents to serve amended answers within ten days from the entry of the order hereon, if so advised.