LOUIS B. DUNN, as Trustee in Bankruptcy for OTIS A. MURRAY, etc., Respondent, v. E. L. GAYVERT AND COMPANY, INC., and NORRIS J. GRAVES, Appellants, and Others, Defendants.— Judgment modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: We think that appellant, E. L. Gayvert and Company, Inc., under the instrument of April 22, 1937, and under the established facts, acquired an equitable lien on the accounts receivable and that it legally and properly, prior to October 25, 1937, collected on said accounts and applied on its lien the sum of $646.86 and appellant should have been allowed that item. (*Hartford Accident and Indemnity Company* v. *Coggin*, 78 F. [2d] 471, 476; *Freeman* v. *Rich*, 64 Hun, 478; *Matter of Eckel*, 256 App. Div. 1031; *Okin* v. *Goldman Company*, 79 F. [2d] 317, 319; *Archibald* v. *Panagoulopoulos*, 233 N. Y. 478; *Central Trust Company* v. *West India Imp. Company*, 169 id. 314, 325.) We also think that items of $111.92 and $38.68 disbursed for water, gas and electric current from the funds collected under the agreement of October 25, 1937, were proper disbursements and said appellant should have been allowed these items since they had been incurred by or on behalf of Murray and for the benefit of his creditor. Those services were essential to the operation of the Kendall Station. (Village Law, § 229; *Rupersam Realty Corp.* v. *Larpeg Realty Corp.*, 253 App. Div. 695; Civ. Prac. Act, § 1087; Transp. Corps. Law, § 15; *Fisher* v. *Long Island Lighting Company*, 280 N. Y. 63.) Payment of the aforementioned items was in no sense preferential. The plaintiff failed to establish that said appellant, on April 22, 1937, either knew that Murray was insolvent, or that it had reasonable grounds to believe that he was then insolvent. The judgment should be modified by deducting therefrom the above items, with the interest allowed thereon, and

as modified, the judgment should be affirmed, without costs to either party. The respondent concedes that E. L. Gayvert and Company, Inc., collected only $646.86 under the instrument of April 22, 1937, and not $685 as found by the court and that the judgment should be modified accordingly. All concur. (The judgment is for plaintiff in an action to compel defendants to account for money received by them from the assets of a bankrupt.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.