Elmwood-Utica Houses, Inc., Respondent-Appellant, v
Buffalo Sewer Authority, Appellant-Respondent.

Fourth Department, November 4, 1983

APPEARANCES OF COUNSEL

*Joseph P. McNamara, Corporation Counsel (Michael B. Risman* of counsel), for appellant-respondent.

*Albrecht, Maguire, Heffern & Gregg, P. C. (Bruce S. Zeftel* of counsel), for respondent-appellant.

OPINION OF THE COURT

DILLON, P. J.

Plaintiff is a corporation organized under article 2 of the Private Housing Finance Law and is the owner of an apartment building which is serviced by defendant Buffalo Sewer Authority. Section 1180 of the Public Authorities Law (formerly Public Authorities Law, § 1405) provides that sewer rents are "to be collected from all real property served by [defendant's] facilities" and establishes in the following language alternative methods by which defendant shall determine its charges: "Such sewer rents may be based upon either the consumption of water on premises connected with such facilities, making due allowance for commercial use of water, the number and kind of plumbing fixtures connected with such facilities, or the number of persons served by such facilities, or may be determined by the authority on any other equitable basis."

Pursuant to the "equitable basis" provision of the statute, defendant has, since 1938, employed two factors, the consumption of water on serviced premises and the assessed valuation of serviced property, in computing the amounts to be charged a user for sewer rent. In *Watergate II Apts. v Buffalo Sewer Auth.* (46 NY2d 52), that method of computation was challenged on the basis that the computation of sewer rent based upon assessed valuation constituted a tax which defendant was without authority to impose. The Court of Appeals recognized that defendant did not have taxing power but concluded that use of the ad valorem component did not convert the charge for sewer rent into a tax.

Not at issue in *Watergate II Apts.* (*supra*) but squarely presented here, is the question of whether the long-estab-

lished practice of defendant in exempting certain tax-exempt properties from payment of the assessed valuation component of its charge is unlawful, in excess of its jurisdiction and discriminatory against nonexempted users. Also to be resolved is the constitutionality of chapter 862 of the Laws of 1981 which, by section 1 thereof, amended section 1180 of the Public Authorities Law to provide that no ad valorem sewer rent shall be charged against real property exempt from real property taxes under specified sections of the Real Property Tax Law. Similarly challenged is section 2 of the same enactment, which does not amend section 1180, but which "legalized, validated, ratified and confirmed" the pre-existing practice of defendant "in granting exemption from ad valorem sewer rents granted properties exempt from real property taxes".*

■ We hold that neither section 1180 of the Public Authorities Law, as amended, nor section 2 of chapter 862 of the Laws of 1981, is unconstitutional. At the same time, we conclude that the imposition of sewer rent charges on a basis other than as authorized by the statute is unlawful and in excess of defendant's jurisdiction, and where, as

---

* Chapter 862 of the Laws of 1981 provides:

"Section 1. Section eleven hundred eighty of the public authorities law, as renumbered by chapter nine hundred fourteen of the laws of nineteen hundred fifty-seven, is amended to read as follows:

"§ 1180. Sewer rents. Upon the filing with the common council of the city and the secretary of state of the state of New York of the certificate of completion of the project, as provided in section fourteen hundred four of this chapter, the authority is authorized to establish a schedule of rates, rentals or charges, to be called 'sewer rents,' to be collected from all real property served by its facilities, *except that no ad valorem sewer rent shall be assessed against real property exempt from real property taxes pursuant to subdivision one of section four hundred, sections four hundred four, four hundred six, four hundred twelve, four hundred eighteen, subdivision one of section four hundred twenty, sections four hundred forty-six, four hundred fifty-two, four hundred sixty-two and four hundred seventy-seven of the real property tax law,* and to prescribe the manner in which and the time at which such sewer rents are to be paid, and to change such schedule from time to time as may be deemed advisable. Such sewer rents may be based upon either the consumption of water on premises connected with such facilities, making due allowances for commercial use of water, the number and kind of plumbing fixtures connected with such facilities, or the number of persons served by such facilities, or may be determined by the authority on any other equitable basis. Prior to the final adoption or modification of such schedule of sewer rents, the authority shall adopt a proposed schedule of such sewer rents and publish notice thereof once a week for three successive weeks in the official publication of the city. The notice so published shall be dated as of the date of first publication thereof and shall state that the proposed schedule of sewer rents will remain open for inspection in the office of the authority for thirty days from the date of such notice, and that objections thereto may be filed during said period with the authority by any person conceiving himself aggrieved thereby. The authority shall hear and examine any such complaints and may modify the proposed schedule and shall adopt a final schedule of sewer rents within sixty days after the date of said notice. Such schedule shall be uniform for all property falling within the same classification. The schedule of sewer rents so adopted shall thereafter be the sewer rents to be charged all

here, the method employed to determine sewer rents produces charges which favor some users over others, the practice violates the clear mandate of section 1180 of the Public Authorities Law.

From the date of construction of plaintiff's apartment building in 1974, plaintiff has failed to pay the ad valorem component of the sewer rent charge. By letter dated August 3, 1981, defendant notified plaintiff that it was in default in payment of sewer rents for the period July 1, 1975 to June 30, 1981 in the sum of $99,037.31 and that such unpaid charges were a lien on its premises. A copy of the letter was sent to plaintiff's mortgagee, the Urban Development Corporation.

Thereafter, plaintiff brought this proceeding pursuant to CPLR article 78. The amended petition sets forth eight causes of action which, in sum, allege that defendant, in granting exemptions from ad valorem sewer rentals, acted in excess of its jurisdiction; that by its actions defendant deprived plaintiff of due process and equal protection of the laws; and that chapter 862 of the Laws of 1981 is unconstitutional on the same bases. The amended petition also seeks money damages on causes of action asserted pursuant to section 1983 of title 42 of the United States Code, in which it is alleged, *inter alia,* that defendant acted maliciously in notifying plaintiff's mortgagee of the alleged default. Defendant's answer pleads Statutes of Limitation and laches, and asserts counterclaims for $104,190.17 in unpaid sewer rents.

Defendant appeals from those parts of Special Term's order which denied its motion for summary judgment, converted the proceeding into a declaratory judgment action and directed discovery proceedings. Plaintiff appeals from that part of the order which refused its request for a stay of any action to foreclose the lien of unpaid sewer rents.

real property served by the facilities of the authority. From and after the due date thereof, such sewer rents shall constitute a lien upon the real property served by the facilities. Such lien shall have the same priority and superiority as the lien of the general tax of the city. In the event that any such sewer rent shall remain unpaid for a period of ninety days, *the authority may bring and maintain an action in the supreme court for the foreclosure of such lien, and, except as otherwise provided by this title, such lien shall be foreclosed in the same manner by the authority as the lien of the general tax of the city may be foreclosed by the city.*

"§ 2. All actions heretofore taken and proceedings had by the Buffalo sewer authority in granting exemption from ad valorem sewer rents granted properties exempt from real property taxes are hereby legalized, validated, ratified and confirmed.

"§ 3. This act shall take effect immediately." (Matter in italics is new.)

We first address plaintiff's claim that by granting ad valorem sewer rental exemptions and in notifying plaintiff's mortgagee that the sewer rents were in default, defendant violated section 1983 of title 42 of the United States Code. Since we find the causes of action premised thereon to be without merit, it is unnecessary to address defendant's assertions that they are time barred.

To constitute a cause of action under section 1983, the conduct complained of must have deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States (see *Parratt v Taylor*, 451 US 527). Plaintiff has never paid the challenged portion of the sewer rent and so has never been deprived of any rights, privileges or immunities. It is claimed only that other entities have been granted exemptions to which they are not entitled. That allegation is insufficient to establish a cause of action under section 1983, which was designed to provide a Federal remedy in cases where the State remedy is inadequate (*McNeese v Board of Educ.*, 373 US 668). In the circumstances of this controversy, adequate State remedies are readily available to plaintiff.

Moreover, we perceive no violation of plaintiff's rights flowing from defendant's notice to plaintiff's mortgagee that sewer rents were unpaid. Even if a violation were found, punitive damages could not be awarded. Defendant is a public authority and the reasons which foreclose imposition of punitive damages upon municipalities (see *Newport v Fact Concerts*, 453 US 247; *Sharapata v Town of Islip*, 56 NY2d 332) apply equally to it.

With respect to those of plaintiff's causes of action which challenge defendant's method of computing sewer rents, it is also unnecessary to determine the applicability of a Statute of Limitations. We view the allegations thereof as asserting defenses to defendant's counterclaim and as such they are not time barred (CPLR 203, subd [c]). Nor is plaintiff's challenge to the constitutionality of chapter 862 of the Laws of 1981 barred by time limitation (see *Press v County of Monroe*, 50 NY2d 695).

We turn then to the principal issues presented on this appeal. While the majority of users of defendant's services have been required by defendant to pay sewer rents based upon both water consumption and assessed valuation, ex-

empt users are charged only the component based upon water consumption. It is conceded that nonexempt users are thus required to pay a greater share of defendant's cost of rendering its services.

■ Section 1180 of the Public Authorities Law is not a taxing statute and does not purport to enable defendant to impose a tax. From its inception, defendant's costs were to be met by charges to its users "based upon services rendered" rather than by tax revenues (*Robertson v Zimmermann,* 268 NY 52, 64). Section 1180 provides that sewer rents may be based upon factors enumerated in the statute or may be determined "on any other equitable basis". The section also requires that sewer rents are "to be collected from all real property served by [defendant's] facilities". Before its amendment, the section specifically neither authorized nor proscribed use of an ad valorem component in determining sewer rents on an equitable basis.

In amending section 1180, the Legislature did not require defendant to use the ad valorem component in computing sewer rents; it merely required that should the component be used it could not be assessed against property exempt from real property taxes under specified sections of the Real Property Tax Law. Significantly, the amendment does not affect the requirement that sewer rents "be collected from all real property" on an "equitable basis". Thus defendant is left free, as it was prior to the amendment, to determine sewer rent charges against serviced properties on any basis which is fair and equitable to all users.

Defendant construes section 2 of chapter 862 of the Laws of 1981 as validating its long-established practice of charging tax-exempt properties for sewer rents only that component based upon water consumption. We disagree. Firstly, if we were to adopt defendant's construction, section 2 would, in our view, be unconstitutional. A statute enjoys the highest presumption of constitutionality (see *Lighthouse Shores v Town of Islip,* 41 NY2d 7) and we will not strain to reach a construction which nullifies the statute. The issue need not be resolved on constitutional grounds, however, because section 2 does not purport to approve disproportionate sewer rents; it simply validates past action which, by section 1 of the chapter, it mandates for the future. Sections 1 and 2 of chapter 862 must be read in *pari*

*materia* (McKinney's Cons Laws of NY, Book 1, Statutes, § 97); and we may not add to a statute language not employed by the Legislature (see *Finger Lakes Racing Assn. v Western Regional Off-Track Betting Corp.*, 45 NY2d 471).

We repeat that the Court of Appeals already has determined that defendant's use of a component based upon assessed valuation is a charge for sewer rent and not a tax. That court's reasoning is applicable here. "Unlike taxes, which go to the support of government without any necessity to relate them to particular benefits received by the taxpayer (58 NY Jur [rev], Taxation, § 2), the charges that the authority was empowered to collect were in the nature of fees which had to bear a direct relationship to the cost of furnishing the water services (*Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 40 NY2d 158, 163; *New York Univ. v American Book Co.*, 197 NY 294)." (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 58, *supra.*) The court pointedly noted (p 59) that the Public Authorities Law allows defendant to fix charges only for such services as it actually provides its customers and concluded (p 61) that defendant's "charges bear a direct relationship to the broader reality of the services and benefits actually rendered to property owners as a whole and thus may properly be regarded as rents rather than taxes".

Defendant's practice of charging certain exempt properties a lesser amount for sewer rents destroys the relationship between the cost of furnishing the services and the charges to users for those services. By defendant's method, nonexempt users have paid a disproportionate share of the cost of rendering the service. Defendant admits that absent the exemptions, plaintiff's share would be reduced by approximately 40%. Thus the charges to plaintiff for sewer rent over the years are inequitable and bear no rational relationship to the cost of providing the service.

We conclude, therefore, that chapter 862 of the Laws of 1981 is constitutional but that the method employed by defendant to compute sewer rents violates the clear mandate of section 1180 of the Public Authorities Law. Should defendant persist in using the ad valorem component as a basis for its charges against nonexempt users, some other factor must be introduced into its methodology in relation

to real property exempted under section 1180 in order to produce the equality required by the statute.

Having rejected plaintiff's affirmative claims for damages, there remains for determination only the amount due upon defendant's counterclaim. Plaintiff, of course, must pay its appropriate share of sewer rent charges. There must be a trial to determine the charge for sewer rents properly allocable to plaintiff in accordance with either the standards specifically set forth in section 1180 of the Public Authorities Law or upon some other "equitable basis" consistent with that statute and this opinion.

The order should be modified in accordance herewith and, as modified, it should be affirmed; defendant's motion for summary judgment dismissing those causes of action based on section 1983 of title 42 of the United States Code should be granted and defendant's motion for summary judgment on its counterclaim should be granted on the issue of liability only and judgment should be entered declaring that chapter 862 of the Laws of 1981 is constitutional.

CALLAHAN, DOERR, GREEN and MOULE, JJ., concur.

Order unanimously modified, and as modified affirmed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the opinion herein, and judgment entered declaring chapter 862 of the Laws of 1981 constitutional.