■ In the Matter of BROOKLYN ASSEMBLY HALLS OF JEHOVAH'S WITNESSES, INC., Respondent, v DEPARTMENT OF ENVIRONMENTAL PROTECTION OF CITY OF NEW YORK et al., Appellants. [833 NYS2d 577]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Water Board, dated June 15, 2005, which confirmed a determination of the Department of Environmental Protection of the City of New York denying the petitioner's application for an exemption from water and sewer charges, the appeal is from a judgment of the Supreme Court, Queens County (Taylor, J.), entered December 15, 2005, which, upon a decision of the same court dated October 25, 2005, inter alia, granted the petition and directed the appellants to approve the petitioner's application for an exemption and to refund the sum of $12,980.08 paid by the petitioner for water and sewer charges since June 4, 2002.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

Since 1907, "the real estate owned by any religious corporation located in the City of New York . . . actually dedicated and used by such corporation exclusively as a place of public worship" has been exempted from the payment of certain water charges (L 1887, ch 696, as amended, inter alia, by L 1907, ch 135, L 1980, ch 893; see Public Authorities Law § 1045-j [5]). The City provides a similar exemption for sewer charges (see Administrative Code of City of NY § 24-514 [e]).

In January 1991 the petitioner Brooklyn Assembly Halls of Jehovah's Witnesses, Inc. applied to the Department of Environmental Protection of the City of New York (hereinafter the DEP) for an exemption, pursuant to the foregoing statute, from water and sewer charges for its 100,000 square foot building in Brooklyn, New York. In addition to religious assembly halls located in the basement and on the first floor, and used on weekends during approximately eight months of the year, the subject premises include two separate residential apartments located on the second and third floors of the building, one used by a caretaker and the other by the manager and his wife. By letter dated April 19, 1991, the DEP denied the application, finding, however, that the premises "may qualify for a partial exemption" covering "the basement, first and second floor

area," but that "[o]nly one dwelling [was] allowed for a caretaker."

Approximately 11 years later, and based on the same facts, the petitioner filed a second application with the DEP for an exemption for the same premises. The DEP ultimately denied the application, explaining that "[t]he original application filed in 1991 was denied because there were two dwellings on the property, one for the manager and one for the caretaker rendering it ineligible." Moreover, after conducting an inspection of the premises, the DEP observed that, in addition to the two dwellings referred to in the 1991 and 2002 applications, "there are now guest rooms located on the 4th floor." On administrative appeal, the New York City Water Board (hereinafter the Water Board) affirmed the DEP's determination, finding that "[a] single room or a small apartment for a caretaker is considered incidental; accommodations for an additional caretaker and two additional guests are not a qualifying exempt use." Just as the DEP had determined with respect to the petitioner's 1991 application, the Water Board determined, with respect to the petitioner's 2002 application, that the petitioner was entitled, upon an appropriate application, only to a partial exemption. In this CPLR article 78 proceeding, the petitioner seeks to annul the Water Board's determination. The Supreme Court granted the petition. We reverse.

Contrary to the petitioner's contention, it was neither arbitrary nor capricious for the DEP and the Water Board to deny its 2002 application based on the DEP's prior denial of the 1991 application, which had been made by the same party and involved the same premises and the same set of operative facts (cf. Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516 [1985]). Moreover, while reasonable minds may differ as to the precise scope of the statutory exemption, we cannot conclude that the DEP's and the Water Board's strict interpretation of the statute, under the facts presented, was "so literal and narrow that it defeat[ed] the exemption's settled purpose" (Matter of Association of Bar of City of N.Y. v Lewisohn, 34 NY2d 143, 153 [1974]; see Matter of Grace Inst. v Clark, 35 AD2d 368 [1970]; cf. Young Men's Christian Assn. v Mayor of City of N.Y., 113 NY 187 [1889]; Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y., 27 AD3d 256 [2006], lv granted 8 NY3d 804 [2007]), particularly where, as here, the claimed exemption relates not to the City's exercise of its taxing power, which might implicate the claimed religious nature of the petitioner's use of the premises, but rather to a public authori-

ty's right to receive payment for a service actually provided (*cf. New York Univ. v American Book Co.*, 197 NY 294 [1910]). In view of the Legislature's intent to exempt from water charges "only those portions of the real estate actually used for exempt activities" (*Matter of Grace Inst. v Clark, supra* at 370), we find no basis to disturb the DEP's and the Water Board's interpretation of the relevant statute. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.